UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-204-KKC

DAUGH WHITE, ET AL.                                                          PLAINTIFF,

VS:                                       **OPINION AND ORDER**

K. PETROLEUM, INC.                                                          DEFENDANT.


This matter is before the Court on the Plaintiffs' Motion to Remand (Rec. No. 5) this case to the Clay Circuit Court. For reasons stated below, the motion is GRANTED.

On June 7, 2007, Plaintiffs filed suit in the Clay Circuit Court against K.Petroleum, Inc. ("K. Petroleum") and South Kentucky Purchasing Company ("South Kentucky") seeking to recover royalty payments that K. Petroleum allegedly owed the Plaintiffs under an oil and gas lease. Defendant K. Petroleum is an Ohio citizen. South Kentucky is a Kentucky citizen.  On June 15, 2007, however,  Plaintiffs filed with the Clay Circuit Court a Notice of Voluntary Dismissal dismissing all claims against South Kentucky.

On June 18, 2007, K Petroleum removed the action to this court pursuant to 28 U.S.C. § 1441(a), asserting that this court would have had original jurisdiction over this action under 28 U.S.C. § 1332(a) which provides for federal jurisdiction over any action where the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

There is no dispute that there is complete diversity between the Plaintiffs and K. Petroleum, the sole Defendant in this action at the time of removal.  Plaintiffs move to remand, however, arguing that K. Petroleum has not sufficiently demonstrated that the amount in controversy exceeds

$75,000.  In response, K. Petroleum argues that the amount in controversy equals the value of the entire leasehold.  K. Petroleum asserts that, if it has truly breached the lease, under Kentucky law, it could be required to forfeit the lease entirely.  In Reply, the Plaintiffs assert that the amount in controversy equals only the value of the allegedly delinquent royalty payments because that is the only relief the Plaintiffs have requested in their complaint.

A defendant desiring to remove a case from state to federal court has the burden of establishing federal subject-matter jurisdiction. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).  In *Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993), the Court held the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

In their state court complaint, the Plaintiffs seek the following specific relief against K Petroleum:

> Judgment against the Defendant K Petroleum, Inc. in an amount sufficient to satisfy all royalty payments not paid to the date of the judgment, plus interest and costs expended including reasonable attorney's fees. . . .

The Plaintiffs also make a  general request for, "nominal, actual, consequential, and incidental damages. . . ."  (Rec. No. 1, Notice of Removal, State Court Complaint).

K. Petroleum is correct that forfeiture is a possible consequence of breach under Kentucky law. However, "the law does not favor forfeitures, and none should be allowed without the one claiming the right shall have first placed the other party on notice that a forfeiture will be demanded, unless the terms of the lease as to development are carried out." *Ledford v. Atkins*, 413 S.W.2d 68, 70 (Ky. 1967).  In this case, the Plaintiffs have not requested forfeiture in their complaint and K.

Petroleum has made no showing that the Plaintiffs have ever requested or demanded forfeiture. Moreover, while a forfeiture provision in an oil and gas lease would likely be enforced, *Bell v. Kilburn*, 234 S.W. 730, 730-31 (Ky. 1921), K. Petroleum has not cited any such provision in the oil and gas leases at issue.

Accordingly, K. Petroleum has not established that forfeiture will more likely than not be ordered if it is found to have breached the lease at issue in this case. There does not appear to be any dispute that the value of the royalty payments sought by the Plaintiffs does not exceed $75,000. In any event, K Petroleum has put forth no evidence that the value of the royalty payments more likely than not exceeds $75,000. Accordingly, the Court hereby ORDERS that the Motion to Remand is GRANTED.

Dated this 10th day of October, 2007.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**